Turner v. Epes Transport Systems

PARRIS V. TURNER, Employee, Plaintiff v. EPES TRANSPORT SYSTEMS, INC., Employer; UNITED STATES FIDELITY & GUARANTY INSURANCE CO., Carrier, Defendants

No. 8110IC869

(Filed 4 May 1982)

**Master and Servant § 50.1— workers' compensation—trucker hauling under defendant's ICC franchise sticker—employee of defendant**

Although the contract between the parties referred to plaintiff as an independent contractor, plaintiff was an employee of defendant while transporting goods for defendant in interstate commerce where defendant issued an ICC franchise sticker to the plaintiff which had to be displayed on all interstate hauls, the plaintiff had to maintain daily logs pursuant to ICC requirements, and those logs had to be turned in to defendant's main office before the plaintiff received payment.

APPEAL by defendants from the North Carolina Industrial Commission. Opinion and Award filed 17 April 1981. Heard in the Court of Appeals 2 April 1982.

The defendants appeal from the Commission's decision awarding Worker's Compensation benefits to the plaintiff for injuries he sustained while on a trip for his employer. The Commission decided that the employer's issuance of its Interstate Commerce Commission (ICC) franchise sticker to the plaintiff caused it to be the plaintiff's employer despite language in the parties' contract that the plaintiff was an independent contractor.

*Womble, Carlyle, Sandridge & Rice, by Keith W. Vaughn, for defendant appellants.*

*McElwee, Hall, McElwee & Cannon, by John E. Hall and William F. Brooks, for plaintiff appellee.*

BECTON, Judge.

The defendants' only argument is that the Commission erred when it decided that the plaintiff was an employee of Epes Transport, Inc. We disagree.

The plaintiff and his son-in-law owned T & R Trucking Company which had entered into an agreement with the defendant employer for the transport of goods. The employer is a franchise carrier registered with the ICC. The contract between the parties

refers to the plaintiff as an independent contractor. Little or no day-to-day control and supervision of the plaintiff was provided for in the contract. The contract did provide, however, that:

4. The party of the second part will furnish and operate only such vehicles as fully comply with the safety requirements and regulations of all states through which such vehicle(s) operate and of the Interstate Commerce Commission, and the party of the second part will, as agent for the party of the first part, provide and keep drivers' logs, drivers' medical certificates and make such reports, as may be required by the Interstate Commerce Commission or other public authorities.

The record also shows that the defendant employer issued an ICC franchise sticker to the plaintiff which had to be displayed on all interstate hauls. Further, the plaintiff had to maintain daily logs pursuant to ICC requirements, and these logs had to be turned in to the employer's main office before the plaintiff received payment.

On the authority of *Brown v. Truck Lines*, 227 N.C. 299, 42 S.E. 2d 71 (1947), we affirm the Commission's Opinion and Award. In *Brown*, the Court, on facts similar to the ones in the case *sub judice*, held that the issuance of its ICC sticker to a driver with whom the company had a trip-lease contract created an employer-employee relationship. The Court noted that the only way by which the owner-driver could operate in interstate commerce was under the license plate of the company. The Court's rationale was that by issuing its ICC sticker, the only means by which the freight could be hauled interstate, the employer obtained control of the vehicle. Specifically, the Court stated:

The act of the defendant in accord with the provisions of the lease in placing its own license plates on Brown's truck under the circumstances disclosed, thus giving it the status and holding it out as its own vehicle for the purposes of this trip, a procedure which alone authorized its operation, must be regarded as an assumption of such control as would defeat the plea of non-liability for injury to the driver on the ground of independent contractor. Control of the employer must be completely surrendered to relieve liability. *Leonard v. Transfer Co.*, 218 N.C. 667, 12 S.E. 2d 729. The defendant cor-

poration having been given a franchise for the operation of motor trucks on the highway as a carrier of goods in interstate commerce, cannot evade its responsibility by delegating its authority to others. *King v. Brenham Auto Co.* [145 S.W. 278]. Nor may an employer, by leasing the truck of one not authorized to transport goods in interstate commerce and causing its operation under its own franchise and license plates for interstate transportation avoid legal responsibility therefor.

*Id.* at 306-07, 42 S.E. 2d at 76-77.

Further, even though *Brown* was a trip lease case, we find the following language instructive.

The transportation of goods in interstate commerce by motor vehicles was required to be under the rules and regulations of the Interstate Commerce Commission, and the Brown truck could only have been used in such transportation by the defendant franchise carrier as one of its fleet of trucks under its license plates. Hence it would seem to follow that control of the operation for the period of the lease was given to the license carrier, and that the owner-driven truck was in contemplation of law in its employ and the driver for the trip stood on the relationship of its employee, as found by the Industrial Commission.

We think the applicable rule, under the facts here presented, is that the lease or contract by which the equipment of the authorized interstate carrier was augmented, must be interpreted as carrying the necessary implication that possession and control of the added vehicle was, for the trip, vested in the authorized operator.

*Id.* at 304-05, 42 S.E. 2d at 75.

For the foregoing reasons, the judgment below is

Affirmed.

Judge WELLS and Judge HILL concur.